Norma PEREZ, Plaintiff–Appellant,

v.

LINEAR TECHNOLOGY
CORPORATION, Defendant–Appellee.

No. 98–17295.

D.C. No. CV–97–20138–PVT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Feb. 23, 2001.

Before KOZINSKI, HAWKINS and
BERZON, Circuit Judges.

MEMORANDUM *

Appellant Norma Perez appeals the district court's summary judgment order dismissing her claims against Appellee Linear Technology Corporation ("Linear") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., and

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the California Fair Employment and Housing Act ("FEHA"), Cal. Gov.Code § 12940 et seq. Reviewing the challenged order de novo, *Deppe v. United Airlines,* 217 F.3d 1262, 1264 (9th Cir.2000), we affirm. Because the parties are familiar with the facts and procedural history of this case, we will not recount them here.

1. The ADA and FEHA prohibit employers from discriminating against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a); *see also* Cal. Gov.Code § 12940(a). A "qualified individual" is an "individual with a disability who, with or without reasonable accommodation, can perform the *essential functions* of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added); *see also* Cal. Gov.Code § 12940(a)(1).

■ Ms. Perez failed to demonstrate that she could perform the essential functions of her job at Linear even with "reasonable accommodation" and is therefore not a "qualified individual." *Echazabal v. Chevron USA, Inc.,* 226 F.3d 1063, 1070 (9th Cir.2000) ("Only a person who is a 'qualified individual with a disability' is protected from discrimination under the ADA."); *see also Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1353 (9th Cir.1996).

An essential function of Ms. Perez's job at "Sulfuric Clean" was to visually inspect specific written directions printed on the wafers, run cards and travelers that came to her work station. Episodes of blurry vision, however, periodically interfered with her ability to read those instructions and a series of workplace errors ensued. Ms. Perez contends that Linear could have prevented those errors if it had provided her with a stool to sit on and eliminated "adverse co-worker conduct." The evidence, however, indicates that chairs were available for employee use and that although Linear did in fact promptly address inappropriate co-worker behavior, Ms. Perez's problem persisted. We therefore conclude that she was unable to perform the essential reading functions of her job.

■ 2. Ms. Perez claims that she could have performed satisfactorily had Linear transferred her to a different position in order to alleviate the stressors that caused her blurry vision, identifying the "Laser Scribe" and "Mask Clean" work stations as positions at which she could have succeeded. Were this the case, Ms. Perez could be a "qualified individual" under the ADA (and, because there is no relevant difference between the ADA and the FEHA, under the FEHA as well, *see Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 271 (9th Cir.1996)). *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1111 (9th Cir.2000) (en banc) (holding that an employee who could perform the essential functions of a job to which he could be transferred meets the "qualified individual" definition). But the positions Ms. Perez identifies as suitable for her in fact are not. She did not successfully complete certification at the "Laser Scribe" position despite Linear's efforts to train her, and the "Mask Clean" position, like the "Sulfuric Clean" position, required workers to make accurate visual inspections. Thus, we conclude that Ms. Perez is unable to perform the essential tasks required by these positions as well.

AFFIRMED.